```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
```
In re:

ERICA ITZHAK,　　　　　　　　　　　　　　　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　Case No.: 24-10669 (JPM)
　　Debtor.
```
------------------------------------------------------------x
```
Erica Itzhak

　　Plaintiff,　　　　　　　　　　　　　　　　Adversary Proceeding No. 25−01029−jpm

v.　　　　　　　　　　　　　　　　　　　　　Main Bankruptcy Case No.: 24−10669−jpm

Yossef Kahlon,

　　Defendant.

_____/

## **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ADVERSARY COMPLAINT**

### **PRELIMINARY STATEMENT**

　　Defendant, Yossef Kahlon ("Defendant" or "Kahlon"), respectfully submits this Memorandum of Law in support of Defendant's Motion to Dismiss the Adversary Complaint (the "Complaint") [DE 1] filed by Debtor/Plaintiff ERICA ITZHAK ("Plaintiff" or "Debtor") seeking to avoid a lien on her cooperative apartment shares as a preferential transfer under 11 U.S.C. § 547(b).  The Complaint must be dismissed because it fails as a matter of law.  The delivery of an execution to the Sheriff on February 15, 2024, did not constitute a preferential transfer within the meaning of the Bankruptcy Code because: (1) under New York law, Defendant's judgment lien on the cooperative shares was perfected at the time the judgment was entered on April 29, 2022, well outside the 90-day preference period; (2) the delivery of the execution to the Sheriff merely continued the perfection of a pre-existing security interest and did not constitute a "transfer" of the Debtor's property; and (3) even if the Court were to find that a transfer occurred, it would be exempt from avoidance under the contemporaneous exchange exception of 11 U.S.C. § 547(c)(3).

## MEMORANDUM OF LAW

## STATEMENT OF FACTS

1. On April 29, 2022, Defendant obtained a judgment against the Debtor in the amount of $1,503,013.70 in the Supreme Court of the State of New York, County of Nassau under Index No. 601659/2016 (the "Judgment").

2. The Judgment arose from a malpractice action commenced by Defendant against the Debtor in March 2016, in which Defendant obtained summary judgment on August 31, 2021.

3. On February 15, 2024, Defendant delivered an execution with notice to garnishee to the Sheriff, which the Debtor alleges created a lien against her cooperative apartment shares (the "Lien").

4. On April 19, 2024 (the "Petition Date"), the Debtor filed a voluntary chapter 13 petition, which was later converted to a Subchapter V Chapter 11 case on June 28, 2024.

5. On February 4, 2025, the Debtor filed the instant Complaint seeking to avoid the Lien as a preferential transfer under 11 U.S.C. § 547(b).

## LEGAL ARGUMENT

### I. LEGAL STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept as true all well-pleaded factual allegations, it need not accept legal conclusions or mere conclusory statements. *Id*.

## II. THE LIEN ON DEBTOR'S COOPERATIVE SHARES WAS PERFECTED OUTSIDE THE PREFERENCE PERIOD

The Complaint fails to state a claim for a preferential transfer because, under New York law, Defendant obtained a judicial lien against Debtor's cooperative shares, treated as personal property[1], when the Defendant, after properly docketing the Judgment against the Debtor, delivered an execution to the Sheriff pursuant to New York Civil Practice Law and Rules §5232(a) on February 12, 2024. *See In re Syed Industries Corp.,* 58 B.R. 920, 922 (E.D.N.Y. 1986); *see also In re Cosmopolitan Aviation Corp.,* 34 B.R. 592 (Bankr. E.D.N.Y. 1983); *Matter of Lucasa Int'l, Ltd.,* 13 B.R. 596 (Bankr. S.D.N.Y. 1981); *In re Pandeff*, 201 B.R. 865 (Bankr. S.D.N.Y. 1996) ("[i]n order to create a judgment lien on personalty, the judgment creditor must either 'execute' on the judgment or obtain an enforcement order"). Under Section 547 of the Bankruptcy Code, a transfer is made---

> (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B);
>
> (B) at the time such transfer is perfected, if such transfer is perfected after such 30 days
>
> (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of--
>
> (i) the commencement of the case; or
>
> (ii) 30 days after such transfer takes effect between the transferor and the transferee.

*See* 11 U.S.C. 547(e)(2). Perfection is defined under Section 547(e)(1)(B), which provides that a transfer of personal property is "perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." Under § 5202 of the New York Civil Practice Law and Rules, where a judgment creditor has delivered an execution to a sheriff, the

---

[1] *See Matter of State Tax Commission v. Shor*, 43 N>Y.2d 151, 154, 400 N.Y.S.2d 805, 371 N.E. 523 (1977).

judgment creditor's rights in a debt owed to the judgment creditor or in an interest of the judgment creditor in personal property "are superior to the rights of any transferee other than a transferee who acquired the debt or personal property for fair consideration before it was levied upon." *In re Marceca*, 129 B.R. 369 (Bankr. S.D.N.Y. 1991).

Here, the transfer was simultaneously perfected for purposes of Section 547(e)(1)(B) when the Defendant delivered the execution to the Sheriff. Upon the creation of the judicial lien, Defendant became the holder of rights with respect to Debtor's cooperative shares, which were superior, to the extent of the amount of the execution: a) to the rights of any transferee, b) with the exception of only the bona fide purchaser who acquires the Debtor's property either prior to or without knowledge of the levy. *See* N.Y. C.P.L.R. 5202(a). As such, Defendant's judicial lien may not be avoided as a preferential transfer pursuant to 11 U.S.C. § 547 by the Debtor as a matter of law.

### III. THE LIEN IS PROTECTED BY THE CONTEMPORANEOUS EXCHANGE EXCEPTION

Even if the Court were to find that the delivery of the execution to the Sheriff constituted a transfer within the preference period, such transfer would be protected by the contemporaneous exchange exception set forth in 11 U.S.C. § 547(c)(3).

Section 547(c)(3) provides that a trustee may not avoid a transfer "that creates a security interest in property acquired by the debtor to the extent such security interest secures new value that was given to enable the debtor to acquire such property, and in fact was used by the debtor to acquire such property." Courts have interpreted this exception to apply to situations where a creditor takes action to perfect a security interest in property that the debtor has already acquired, so long as such action is taken within the time frame prescribed by the statute. *See In re Lazarus*, 478 F.3d 12, 18 (1st Cir. 2007).

In this case, the delivery of the execution to the Sheriff on February 15, 2024, was an action taken to perfect a security interest in property (the cooperative shares) that the Debtor had already acquired. This action was taken within the time frame prescribed by New York law for the enforcement of judgments. As such, even if the delivery of the execution to the Sheriff is deemed a transfer, it falls within the contemporaneous exchange exception and cannot be avoided.

## CONCLUSION

For the foregoing reasons, the Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: March 7, 2025

                                          Respectfully submitted,

                                          */s/David H. Haft*
                                          David H. Haft, Esq.
                                          DarrowEverett LLP
                                          1 SE 3rd Ave Suite 2520
                                          Miami, FL 33131
                                          Telephone: (305) 686-5159
                                          Email: dhaft@darroweverett.com
                                          Attorneys for Defendant