**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Erica Itzhak*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Scott S. Markowitz, Esq.
Jacob B. Gabor, Esq.
smarkowitz@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

ERICA ITZHAK,

                Debtor.

------------------------------------------------------------x

ERICA ITZHAK,

                Plaintiff,

   – v –

YOSSEF KAHLON.,

                Defendant.

------------------------------------------------------------x

Chapter 11

Case No.: 24-10669 (JPM)

Adv. Pro. No. 25-01029 (JPM)

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND CROSS MOTION FOR SUMMARY JUDGMENT

Erica Itzhak (the "Plaintiff" or "Debtor"), as debtor and debtor-in-possession in the above-captioned chapter 11 case, by her counsel, files this opposition and cross motion (the "Opposition") to oppose Yosssef Kahlon's (the "Defendant" or "Kahlon") motion to dismiss (the "MTD") and convert the MTD to a motion for summary judgment and granting Plaintiff summary judgment on its section 547 claim for relief.

## PRELIMINARY STATEMENT

1. Approximately two years prior to the Petition Date (defined below), the Defendant obtained a judgment against the Debtor. In an effort to enforce the judgment, the Defendant caused an execution to be delivered to the Nassau County sheriff in order to enforce its rights as a judgment creditor against the Debtor's stock ownership interest in a housing cooperative corporation. Under well-established New York Law, a judgment debtor's interest in a housing cooperative corporation (ownership of shares in the corporation which owns the building) is personal property. Defendant acknowledges this law in footnote 1 in his memorandum of law in support of the MTD.

2. In order to obtain a lien against personal property, a judgment creditor must deliver an execution to the sheriff or similar enforcement officer. The Defendant did this. However, the execution was delivered to the sheriff (thereby creating the judgment lien) within the preference period.

3. This is a classic preference as the Defendant's memorandum of law in support of the MTD admits based upon the undisputed facts and well-settled law. In short, all elements of section 547 of the Bankruptcy Code are satisfied and this Court should grant summary judgment to the Plaintiff avoiding the transfer (creation of the judgment lien) and declaring Plaintiff's claim to be an unsecured claim.

## FACTS[1]

4. The Debtor is an individual.

---

[1] Plaintiff also incorporates her statement of undisputed facts required pursuant to Local Bankruptcy Rule 7056-1.

092126\1\171126037.v2

5. On April 19, 2024 (the "Petition Date"), the Debtor filed a voluntary Chapter 13 petition, which was later converted to a Subchapter V Chapter 11 case on June 28, 2024.

6. The Debtor continues in possession and control of her assets as a debtor and debtor-in-possession.

7. Other than the Subchapter V trustee, no trustee has been appointed for the Debtor or her estate.

8. In March 2016, the Defendant commenced a malpractice action against the Debtor in the Supreme Court of the State of New York, County of Nassau under Index No. 601659/2016 (the "Malpractice Action").

9. Defendant moved for summary judgment in the Malpractice Action. By decision dated August 31, 2021, Defendant obtained summary judgment against the Debtor in the amount of $1 million with interest from September 27, 2016. A judgment was entered against the Debtor in the Malpractice Action in the amount of $1,503,013.70 on April 29, 2022 (the "Judgment").

10. On February 15, 2024, less than 90-days prior to the Petition Date, the Defendant delivered an execution with notice to the garnishee to the Sheriff, thereby creating a lien against the Debtor's shares in a housing cooperative corporation (the "Lien"). The Lien constitutes a transfer ("Transfer") as that term is defined in section 101(54) of the Bankruptcy Code. The execution with notice to garnishee with the date stamp from the Nassau County Sheriff's Office is annexed hereto as **Exhibit "A."**

11. On February 4, 2025, the Debtor filed an adversary proceeding against the Defendant seeking to avoid the Lien as a preferential transfer under 11 U.S.C. § 547(b).

# ARGUMENT

**A. Defendant's Motion to Dismiss Should be Converted to a Motion for Summary Judgment**

12. This action can be resolved more efficiently if the Defendant's MTD is converted to a motion for summary judgment. Federal Rule of Civil Procedure 12(d) made applicable to the proceedings through Bankruptcy Rules 7012 and 7056, permit this Court to convert a motion to dismiss into a motion for summary judgment where the only issues presented are issues of law. In re Gadsden, 128 B.R. 45, 48 (Bankr. E.D.N.Y. 1991) (converting a motion to dismiss to a motion for summary judgment because there was no genuine issue of material fact). Additionally, the essential inquiry in determining whether it is appropriate to convert a motion to dismiss into a motion for summary judgment is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings. In re Lynch, 2019 WL 4584146 *6 (Bankr. E.D.N.Y. 2019) (citing Cole v. Bourke, 2016 U.S. Dist. LEXIS 16517, at *9-10 [E.D.N.Y Jan. 27, 2016]). Here, Plaintiff and Defendant agree there are no material issues of fact in dispute. This proceeding can be decided as a matter of law. As such, it should be of no surprise to the Defendant that a conversion to a motion for summary judgment is foreseeable.

13. The conversion of a motion to dismiss to a motion for summary judgment is made through the Federal Rule of Civil Procedure 56(c), which is applicable to the Bankruptcy Court through Bankruptcy Rule 7056. See In re Adler, 395 B.R. 827, 834 (E.D.N.Y. 2008); Fed. R. Bank. P. 7056 ("Rule 56 F.R. Civ. P. applies in adversary proceedings."). Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

4
092126\1\171126037.v2

judgment as a matter of law." Fed.R.Civ.P. 56(c); Bronx Household of Faith v. Bd. of Educ. of City of N.Y., 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing that he or she is entitled to summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson, 477 U.S. at 248, 106 S.Ct. 2505 (finding summary judgment to be unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"); Rivkin v. Century 21 Teran Realty LLC, 494 F.3d 99, 103 (2d Cir. 2007). As such, "if 'there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment.' " Binder & Binder PC v. Barnhart, 481 F.3d 141, 148 (2d Cir. 2007) (quoting R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997)) (alteration in original).

14. Here, the Defendant does not dispute any of the facts set forth in the complaint. The Defendant's memorandum of law in support of the MTD admits the execution was delivered to the sheriff within the preference period (the Defendant's memorandum of law uses February 12, 2024 but the proper date is February 15, 2024). See **Exhibit "A."** Defendant obtained the Judgment against the Plaintiff on April 29, 2022. Defendant's memorandum of law further acknowledges the law that a judgment creditor does not obtain a lien on personal property under New York Law until execution is delivered to the sheriff. In re Syed Industries Corp., 58 B.R. 920, 922 (Bankr. E.D.N.Y. 1986). In short, the Defendant remains an unsecured

creditor against a debtor's personal property until "execution" is delivered to the sheriff or similar enforcement officer. In re Ideal Mortgage Bankers, Ltd., 539 B.R. 409, 427 (Bankr. E.D.N.Y. 2015). Since the execution was delivered to the sheriff within the 90-day period before the filing of the bankruptcy petition, both Plaintiff and Defendant seem to agree that Defendant's judicial lien is an avoidable preferential transfer under § 547(b) of the Bankruptcy Code. In re Cosmopolitan Aviation Corp., 34 B.R. 592, 594 (Bankr. E.D.N.Y. 1983).

15. As such, all the elements of section 547 of the Bankruptcy Code are satisfied. The creation of a judgment lien is a transfer. See section 101(54) of the Bankruptcy Code (where the term "transfer" means (A) the creation of a lien). The Transfer was made to or for the benefit of the Defendant (the Transfer was made to enable the Defendant to attempt to sell Plaintiff's cooperative apartment to enforce the Judgment). The Transfer was made within 90 days of the Debtor's bankruptcy filing. The Transfer was made on account of an anteceded debt (the Judgment was obtained approximately two years prior to the delivery of the execution). The Transfer was made while the Debtor was insolvent. Section 547(f) of the Bankruptcy Code states a debtor is presumed insolvent during the 90-day preference period. Under section 547(f) of the Bankruptcy Code, a debtor is presumed to have been insolvent during the ninety days preceding the filing of the petition. In re Roblin Indus., Inc., 78 F.3d at 34 (2d Cir. 1996). This presumption may be rebutted, but the party challenging the avoidability of the transfer bears the burden of proof to "introduce[e] some evidence that the debtor was not in fact insolvent at the time of the transfer." Roblin, 78 F.3d at 34; see also In re Vasu Fabrics., Inc., 39 B.R. 513, 516 (Bankr.S.D.N.Y.1984).

092126\1\171126037.v2

The Transfer enables the Defendant to recover more than if the Transfer had not been made, as an unsecured creditor will obtain a lesser recovery in Chapter 7 than a secured or partially secured creditor.

**B. The Lien is Not Protected by the Contemporaneous Exchange Exception**

16. The delivery of the execution to the sheriff on February 15, 2024, bears no relation to the contemporaneous exchange exception. According to § 547(c)(3) of the Bankruptcy Code, a transfer that creates a security interest is exempt from attack if the security interest secures "new value" that is used to acquire property that will constitute collateral, so long as the security interest is perfected within 30 days after the debtor's acquisition of the collateral. In re George G. Sharp, Inc., 2022 WL 1714178 *5 (Bankr. S.D.N.Y.). The defense is only applicable if the "transfer" of a security interest is made to "secure" the new value that is provided, which means they must be part of the same contract or transaction. Id. Defendant's delivery of the execution to sheriff was nearly two years after the judgment was entered against Plaintiff. Defendant's attempt to perfect his interest in Plaintiff's ownership interest in shares in a housing cooperative corporation offers no "new value" that was part of the same contract or transaction.

## CONCLUSION

17. For the foregoing reasons, Defendant's MTD should be denied and converted into a motion for summary judgment and the Court should grant Plaintiff summary judgment

092126\1\171126037.v2

on its section 547 claim for relief avoiding the creation of the Lien.

Dated: New York, New York
March 31, 2025

                                       **TARTER KRINSKY & DROGIN LLP**
*Counsel to Erica Itzhak*
*Debtor and Debtor-in-Possession*


By: /s/ Scott S. Markowitz
     Scott S. Markowitz, Esq.
     Jacob B. Gabor, Esq.
     1350 Broadway, 11th Floor
     New York, New York 10018
     Tel: (212) 216-8000
     Email: smarkowitz@tarterkrinsky.com
     Email: jgabor@tarterkrinsky.com

8
092126\1\171126037.v2

**EXHIBIT A**

RECEIVED SHERIFF'S DEPT
NASSAU COUNTY, NY
2024 FEB 15 AM 11:53

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X
YOSSEF KAHLON a/k/a JOSSEF KAHLON and
ATLAS SOLAR HOLDINGS, LLC,

                               Plaintiffs,

-against-

ERICA T. YITZHAK, THE LAW OFFICES OF
ERICA T. YITZHAK and ERICA T. YITZHAK, ESQ.,
P.C.,

                              Defendants.
----------------------------------------------------------------X

Index No. 601659/2016

**EXECUTION WITH NOTICE TO GARNISHEE**

# The People of the State of New York

TO THE ENFORCEMENT OFFICER:

WHEREAS, in an action in the Supreme Court of the State of New York, County of Nassau, between YOSSEF KAHLON a/k/a JOSSEF KAHLON and ATLAS SOLAR HOLDINGS, LLC, as plaintiffs, and ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T. YITZHAK and ERICA T. YITZHAK, ESQ., P.C., as defendants, a judgment was entered on or about April 29, 2022, in favor of YOSSEF KAHLON a/k/a JOSSEF KAHLON and ATLAS SOLAR HOLDINGS, LLC, judgment creditors, and against ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T. YITZHAK and ERICA T. YITZHAK, ESQ., P.C., judgment debtors, in the principal amount of $1,503,013.70, of which $1,503,013.70, together with interest thereon from April 29, 2022, remains due and unpaid,

**NOW, THEREFORE, WE COMMAND YOU** to satisfy the said judgment out of the real and personal property of the above named judgment debtor and the debts due to him; and that only the property in which said judgment debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; AND TO RETURN this execution to the clerk of the above captioned court within 60 days after issuance unless service of this execution is made within that time or within extensions of that time made in writing by the attorney(s) for the judgment creditor.

**PLEASE TAKE NOTICE**, that a notice in the form presented by subdivision (e) of section fifty-two hundred twenty-two of the CPLR has been duly served upon the judgment debtor or obligor within a year prior to the date of this execution.

### NOTICE TO GARNISHEE

To:       **345 EAST 56TH STREET OWNERS, INC.**

Address:   **c/o Halstead Management Co., Att Counsel**
              **770 Lexington Avenue, New York, New York 10065**

WHEREAS, it appears that you are indebted to the judgment debtor, above named, or in possession or custody of property not capable of delivery in which the judgment debtor has an interest, including, without limitation, the following specified debt and property:

**Shares of stock relating to the cooperative apartment known as and located at 345 East 56th Street, Apt. 4D, New York, New York 10022, in the name of ERICA T. YITZHAK.**

NOW, THEREFORE, YOU ARE REQUIRED by section 5232(a) of the Civil Practice Law and Rules forthwith to transfer to the sheriff all personal property not capable of delivery in which the judgment debtor is known or believed to have an interest now in or hereafter coming into your possession or custody including any property specified in this notice; and to pay to the sheriff, upon maturity, all debts now due or hereafter coming due from you to the judgment debtor, including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment;

AND TAKE NOTICE that until such transfer or payment is made or until the expiration of 90 days after the service of this execution upon you or such further time as is provided by any order to the court served upon you whichever event first occurs, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or play over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court:

AND TAKE FURTHER NOTICE THAT at the expiration of 90 days after a levy is made by service of this execution, or of such further time as the court upon motion of the judgment creditor has provided, this levy shall be void except as to property or debts which have been transferred or paid to the sheriff or as to which a proceeding under sections 5225 or 5227 of the Civil Practice Law and Rules has been brought;

AND TAKE FURTHER NOTICE THAT pursuant to subdivision (l) of section fifty-two hundred five of the Civil Practice Law and Rules, three thousand dollars of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in paragraph two of subdivision (l) of section fifty-two hundred five of the Civil Practice Law and Rules, is exempt from execution and the garnishee cannot levy upon or restrain three thousand dollars in such an account;

AND TAKE FURTHER NOTICE THAT pursuant to subdivision (i) of section fifty-two hundred twenty-two of the Civil Practice Law and Rules, an execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section six hundred fifty-two of the labor law as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

Dated:      New York, New York
             February 12, 2024

                                               VLOCK & ASSOCIATES, P.C.
                                               Attorneys for Judgment Creditor
                                               630 Third Avenue, 18th Floor
                                               New York, New York 10017
                                               (212) 557-0020

                                               By:_____
                                               Stephen Vlock, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
INDEX NO.: 601659/2016

YOSSEF KAHLON a/k/a JOSSEF KAHLON and ATLAS SOLAR HOLDINGS, LLC,

                                                                                                    Plaintiffs,

-against-

ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T. YITZHAK and
ERICA T. YITZHAK, ESQ., P.C.,

                                                                                                    Defendants.

**EXECUTION WITH NOTICE TO GARNISHEE**

VLOCK & ASSOCIATES, P.C.

Attorneys for Plaintiff

630 Third Avenue, 18th Floor
New York, New York 10017
(212) 557-0020