**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Erica Itzhak*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Scott S. Markowitz, Esq.
Jacob B. Gabor, Esq.
smarkowitz@tarterkrinsky.com
jgabor@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

ERICA ITZHAK,

                        Debtor.
-------------------------------------------------------------x

ERICA ITZHAK,

                        Plaintiff,

    – v –

YOSSEF KAHLON.,

                        Defendant.
-------------------------------------------------------------x

Chapter 11

Case No.: 24-10669 (JPM)

Adv. Pro. No. 25-01029 (JPM)

### PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS
### PURSUANT TO LBR 7056-1

Pursuant to Rule 56.1 of the Local Civil Rules of the Court, made applicable by Local Bankruptcy Rule 7056-1, Plaintiff, Erica Yitzhak ("Plaintiff" or "Debtor"), submits the following undisputed facts:

1.      In March 2016, the Yossef Kahlon ("Defendant") commenced a malpractice action against the Debtor in the Supreme Court of the State of New York, County of Nassau under Index No. 601659/2016 (the "Malpractice Action").

1

2. Defendant moved for summary judgment in the Malpractice Action. By decision dated August 31, 2021, Defendant obtained summary judgment against the Debtor in the amount of $1 million with interest from September 27, 2016. A judgment was entered against the Debtor in the Malpractice Acton in the amount of $1,503,013.70 on April 29, 2022 (the "Judgment").

3. On February 15, 2024, less than 90-days prior to the Petition Date, the Defendant delivered an execution with notice to the garnishee to the Sheriff, thereby creating a lien against the Property (the "Lien"). The Lien constitutes a transfer ("Transfer"). The execution with notice to garnishee with the date stamp to the Nassau County Sheriff's Office is annexed hereto as **Exhibit A**.

4. Defendant filed a proof of claim no. 17 in the Debtor's Chapter 11 case asserting a total claim as of the petition date of $1,853,773.23 of which $700,000 was filed as a secured claim.

5. The Debtor was insolvent on the date of the Transfer.

Dated: New York, New York
       March 31, 2025

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Erica Itzhak*
*Debtor and Debtor-in-Possession*

By: /s/ Scott S. Markowitz
    Scott S. Markowitz, Esq.
    Jacob B. Gabor, Esq.
    1350 Broadway
    New York, NY 10018
    (212) 216-8000
    smarkowitz@tarterkrinsky.com
    jgabor@tarterkrinsky.com

**EXHIBIT A**

RECEIVED SHERIFF'S DEPT
NASSAU COUNTY, NY
2024 FEB 15 AM 11: 53

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X
YOSSEF KAHLON a/k/a JOSSEF KAHLON and
ATLAS SOLAR HOLDINGS, LLC,

                             Plaintiffs,

-against-

ERICA T. YITZHAK, THE LAW OFFICES OF
ERICA T. YITZHAK and ERICA T. YITZHAK, ESQ.,
P.C.,

                             Defendants.
----------------------------------------------------------------X

Index No. 601659/2016

**EXECUTION WITH NOTICE TO GARNISHEE**

# The People of the State of New York

TO THE ENFORCEMENT OFFICER:

    WHEREAS, in an action in the Supreme Court of the State of New York, County of Nassau, between YOSSEF KAHLON a/k/a JOSSEF KAHLON and ATLAS SOLAR HOLDINGS, LLC, as plaintiffs, and ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T. YITZHAK and ERICA T. YITZHAK, ESQ., P.C., as defendants, a judgment was entered on or about April 29, 2022, in favor of YOSSEF KAHLON a/k/a JOSSEF KAHLON and ATLAS SOLAR HOLDINGS, LLC, judgment creditors, and against ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T. YITZHAK and ERICA T. YITZHAK, ESQ., P.C., judgment debtors, in the principal amount of $1,503,013.70, of which $1,503,013.70, together with interest thereon from April 29, 2022, remains due and unpaid,

    **NOW, THEREFORE, WE COMMAND YOU** to satisfy the said judgment out of the real and personal property of the above named judgment debtor and the debts due to him; and that only the property in which said judgment debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; AND TO RETURN this execution to the clerk of the above captioned court within 60 days after issuance unless service of this execution is made within that time or within extensions of that time made in writing by the attorney(s) for the judgment creditor.

**PLEASE TAKE NOTICE**, that a notice in the form presented by subdivision (e) of section fifty-two hundred twenty-two of the CPLR has been duly served upon the judgment debtor or obligor within a year prior to the date of this execution.

### NOTICE TO GARNISHEE

To:         **345 EAST 56TH STREET OWNERS, INC.**

Address:   **c/o Halstead Management Co., Att Counsel**
                **770 Lexington Avenue, New York, New York 10065**

WHEREAS, it appears that you are indebted to the judgment debtor, above named, or in possession or custody of property not capable of delivery in which the judgment debtor has an interest, including, without limitation, the following specified debt and property:

**Shares of stock relating to the cooperative apartment known as and located at 345 East 56th Street, Apt. 4D, New York, New York 10022, in the name of ERICA T. YITZHAK.**

NOW, THEREFORE, YOU ARE REQUIRED by section 5232(a) of the Civil Practice Law and Rules forthwith to transfer to the sheriff all personal property not capable of delivery in which the judgment debtor is known or believed to have an interest now in or hereafter coming into your possession or custody including any property specified in this notice; and to pay to the sheriff, upon maturity, all debts now due or hereafter coming due from you to the judgment debtor, including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment;

AND TAKE NOTICE that until such transfer or payment is made or until the expiration of 90 days after the service of this execution upon you or such further time as is provided by any order to the court served upon you whichever event first occurs, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or play over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court:

AND TAKE FURTHER NOTICE THAT at the expiration of 90 days after a levy is made by service of this execution, or of such further time as the court upon motion of the judgment creditor has provided, this levy shall be void except as to property or debts which have been transferred or paid to the sheriff or as to which a proceeding under sections 5225 or 5227 of the Civil Practice Law and Rules has been brought;

AND TAKE FURTHER NOTICE THAT pursuant to subdivision (l) of section fifty-two hundred five of the Civil Practice Law and Rules, three thousand dollars of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in paragraph two of subdivision (l) of section fifty-two hundred five of the Civil Practice Law and Rules, is exempt from execution and the garnishee cannot levy upon or restrain three thousand dollars in such an account;

AND TAKE FURTHER NOTICE THAT pursuant to subdivision (i) of section fifty-two hundred twenty-two of the Civil Practice Law and Rules, an execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section six hundred fifty-two of the labor law as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

Dated:   New York, New York
         February 12, 2024

                                        VLOCK & ASSOCIATES, P.C.
                                        Attorneys for Judgment Creditor
                                        630 Third Avenue, 18th Floor
                                        New York, New York 10017
                                        (212) 557-0020

                                        By: _____
                                        Stephen Vlock, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
INDEX NO.: 601659/2016

---

YOSSEF KAHLON a/k/a JOSSEF KAHLON and ATLAS SOLAR HOLDINGS, LLC,

Plaintiffs,

-against-

ERICA T. YITZHAK, THE LAW OFFICES OF ERICA T. YITZHAK and ERICA T. YITZHAK, ESQ., P.C.,

Defendants.

---

**EXECUTION WITH NOTICE TO GARNISHEE**

---

VLOCK & ASSOCIATES, P.C.

Attorneys for Plaintiff

630 Third Avenue, 18th Floor
New York, New York 10017
(212) 557-0020