UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

ERICA ITZHAK,                                Chapter 11
                                                                      Case No.: 24-10669 (JPM)

       Debtor.
-----------------------------------------------------------x
Erica Itzhak

       Plaintiff,                                Adversary Proceeding No. 25−01029−jpm

v.

                                                       Main Bankruptcy Case No.: 24−10669−jpm

Yossef Kahlon,

       Defendant.
_____/

## DEFENDANT YOSSEF KAHLON'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Defendant, Yossef Kahlon ("Defendant" or "Kahlon"), by and through his undersigned counsel, respectfully submits this Memorandum of Law in Opposition to the Opposition to Motion to Dismiss[1] and Cross-Motion for Summary Judgment (the "Cross-Motion") [DE 8] filed by Debtor/Plaintiff ERICA ITZHAK ("Plaintiff" or "Debtor") in the instant adversary proceeding, whereby Debtor seeks summary judgment to avoid, as a preferential transfer under 11 U.S.C. § 547(b), the judgment lien Kahlon obtained against Debtor's shares in a housing cooperative corporation (the "Co-op Shares") based upon delivery of an execution to the Nassau County Sheriff on or about February 15, 2024 (the "Transfer").

While Debtor attempts to paint the instant situation as being little more than a "classic preference" type situation, involving undisputed facts and well-settled law [see DE 8 at p.3], even

---
[1] Defendant's Motion to Dismiss was filed on or about March 7, 2025 [DE 7].

if true (which it is not), Debtor has nonetheless failed to demonstrate that the granting of summary judgment is appropriate or warranted as a matter of law under the, instant set of facts. Put more simply, because Debtor bears the burden of establishing each element of her claim under 11 U.S.C. § 547(b) by a preponderance of the evidence, which Debtor has failed to satisfy, in addition to the existence of genuine issues of material fact, Debtor has failed to meet her burden required for obtaining summary judgment herein. As such, the Cross-Motion must be denied by this Court as a matter of law.

## STATEMENT OF FACTS[2]

1. In March 2016, Defendant commenced a malpractice action against the Debtor in the Supreme Court, Nassau County (Index No. 601659/2016) (the "Malpractice Action"). (Debtor SOF, ¶ 1).

2. Defendant moved for summary judgment in the Malpractice Action. By decision dated August 31, 2021, Defendant obtained summary judgment against the Debtor in the amount of $1 million dollars with interest from September 27, 2016. A judgment was entered against the Debtor in the Malpractice Action in the amount of $1,503,013.70 on April 29, 2022 (the "Judgment"). (Debtor SOF, ¶ 2).

3. To enforce the long-unsatisfied Judgment, on February 15, 2024, Defendant delivered an execution with notice to garnishee to the Sheriff, thereby creating a lien against her Co-Op Shares (the "Lien"). (Debtor SOF, ¶ 3, Ex. A thereto). Pursuant to N.Y. C.P.L.R. § 5202(a), this delivery created a judgment lien on the Debtor's interest in the Co-op Shares (which constitute personal property).

4. On April 19, 2024 (the "Petition Date"), the Debtor filed a voluntary chapter 13

---

[2] The Debtor filed her Statement of Undisputed Facts Pursuant to LBR 7056-1 also on March 31, 2025 (the "Debtor SOF") [DE 9].

petition, which was later converted to a Subchapter V Chapter 11 case on June 28, 2024. (Cross-Motion, ¶ 5). The Petition Date is approximately 64 days after the delivery of the execution.

5. On February 4, 2025, the Debtor filed the instant Complaint ("Complaint"), seeking to avoid the Lien as a preferential transfer under 11 U.S.C. § 547(b). (Cross-Motion, ¶ 11).

6. Defendant moved to dismiss the Complaint. Debtor opposed the motion and filed the Cross-Motion for summary judgment. (Debtor Opp. at pg. 1).

## LEGAL ARGUMENT

### I. *LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT*

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), made applicable here by Rule 7056 of the Federal Rules of Bankruptcy Procedure ("FRBP"). Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court is "not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford,* 361 F. 3d 113, 122 (2d Cir. 2004); *see also Rivikin v. Century 21 Teran Realty, LLC,* 494 F.3d 99, 103 (2d Cir. 2007).

If the movant meets its initial burden, the burden shifts to the nonmoving party to present specific facts demonstrating a genuine issue for trial. *See Anderson,* 477 U.S. at 250; *see also*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. at 586. Conclusory allegations or denials are insufficient to defeat summary judgment. *See Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996). The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255.

In preference actions under § 547, the trustee (or debtor-in-possession) bears the burden of proving all elements of § 547(b) by a preponderance of the evidence. *See* 11 U.S.C. § 547(g); *see also Lawson v. Ford Motor Co. (In re Roblin Indus., Inc*.), 78 F.3d 30, 34 (2d Cir. 1996). The creditor bears the burden of proving any affirmative defenses under § 547(c). *See* 11 U.S.C. § 547(g).

## II. *PLAINTIFF HAS FAILED TO MEET HER BURDEN FOR SUMMARY JUDGMENT*

Plaintiff seeks summary judgment avoiding the Lien pursuant to 11 U.S.C. § 547(b), which permits avoidance of a transfer of an interest of the debtor in property if the plaintiff proves five elements: the transfer was (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made on or within 90 days before the petition date; and (5) enabled the creditor to receive more than such creditor would receive in a hypothetical Chapter 7 liquidation if the transfer had not been made. 11 U.S.C. § 547(b). Plaintiff bears the burden of establishing each element of § 547(b) by a preponderance of the evidence and, because Plaintiff has failed to meet her burden with respect to the Debtor's insolvency at the time of the Transfer, and as to whether the Transfer enabled Defendant to receive more than he would in a hypothetical Chapter 7 liquidation as required by § 547(b)(5), there exist genuine issues of material fact that preclude summary judgment in favor of the Debtor. As such, the Cross-Motion

must be denied as a matter of law.

## III. GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING THE DEBTOR'S INSOLVENCY UNDER § 547(b)(3)

While § 547(f) creates a rebuttable presumption of insolvency during the 90 days preceding the petition date, this presumption does not eliminate Plaintiff's ultimate burden of proof on the element. *See In re Roblin Indus., Inc.,* 78 F.3d at 34. The presumption merely shifts the burden of production to the defendant. *Id*. Here. Defendant Kahlon disputes the Debtor's insolvency on February 15, 2024, the date of the Transfer. More specifically, notwithstanding the entry of the Judgment in 2022, and service of the corresponding Subpoena and Restraining Notice by Defendant's counsel on the Debtor on or about June 9, 2022, Debtor actively and intentionally avoided complying with her post judgment obligations and knowingly took actions intended to impede and otherwise thwart Defendant's efforts to collect on said Judgment. After approximately one (1) year of Debtor's continued delay and intentional conduct to impair and prejudice Defendant's rights and/or remedies under the Judgment, Defendant was required on or about June 8, 2023 to file a motion in the Malpractice Action for contempt and to compel the Debtor to comply with the above Subpoena and Restraining Notice. While Debtor eventually provided Defendant's counsel with the requested information, Debtor's intentional delay in responding enabled Debtor, shortly after Defendant discovered Debtor's interest in the Co-Op shares, to file for bankruptcy and seek avoidance of Defendant's interests in the shares. Moreover, Debtor's schedules, filed on or about May 3, 2024 (the "Schedules") [D.E. 10], not only fail to accuraretly reflect significant assets owned by the Debtor as of the Transfer Date including, but not limited to, certain trust and real property interests, but more significantly, conclusively reflect Debtor's lack of insolvency as of the Transfer Date. Indeed, Debtor's schedules conclusively reflect that as of the Transfer Date, the value of Debtor's assets as being $7,383,686.41, with corresponding liabilities of

$2,701,878.45, a difference of approximately $4.6 million dollars. Yet, notwithstanding this presumption of solvency, Debtor has failed to overcome this presumption such that the Court can consider the Debtor to be anything other than solvent as of the Transfer Date. Accordingly, because Defendant has demonstrated the existence of sufficient evidence as of the Transfer Date to rebut the presumption of insolvency, a genuine issue of material fact exists regarding the Debtor's financial condition on the date of the Transfer, precluding summary judgment for the Plaintiff on this element.

IV. ***DEBTOR HAS FAILED TO ESTABLISH THAT THE TRANSFER ENABLED DEFENDANT TO RECEIVE MORE THAN IN A CHAPTER 7 LIQUIDATION UNDER § 547(b)(5)***

To prevail under § 547(b)(5), Plaintiff must prove that the Transfer enabled Defendant Kahlon to receive more than he would have received if (a) the case were a case under Chapter 7; (b) the Transfer had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of Title 11. *See In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 225 (4th Cir. 2005); 11 U.S.C. § 547(b)(5). This typically involves comparing what the creditor received via the transfer versus what they would have received as an unsecured creditor in a Chapter 7 liquidation based on the estate's assets and other claims.

Here, Plaintiff has offered no evidence regarding the value of the Co-op Shares subject to the Lien, the existence or amount of any liens senior to Defendant's Lien (e.g., a loan secured by the Co-op Shares), or the value of the Debtor's available exemptions that might apply to the Co-op Shares. Without such evidence, Plaintiff cannot establish, as a matter of law, that Defendant would receive more by enforcing the Lien than he would receive as an unsecured creditor in a Chapter 7 distribution. As such, Plaintiff has failed to meet her burden for summary judgment here and, as a result, Debtor's Cross Motion must be denied as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to demonstrate the absence of genuine issues of material fact and her entitlement to judgment as a matter of law avoiding the Lien under 11 U.S.C. § 547(b). Accordingly, Defendant Yossef Kahlon respectfully requests that this Court deny Plaintiff's Cross-Motion for Summary Judgment in its entirety.

Dated: June 10, 2025

                                                 Respectfully submitted,

                                                 */s/David H. Haft*
                                                 David H. Haft, Esq.
                                                 DarrowEverett LLP
                                                 1 SE 3rd Ave Suite 2520
                                                 Miami, FL 33131
                                                 Telephone: (305) 686-5159
                                                 Email: dhaft@darroweverett.com
                                                 Attorneys for Defendant